LAW LIBRARY

NO. 29810

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASSOCIATION OF OWNERS OF WEHILANI, Plaintiff-Appellee, v.
LEONARD M. WELTER, Trustee of the Leonard M. Welter 1983 Trust,
and JOHN DOES 1-5, Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-24K)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Leonard M. Welter, Trustee of the
Leonard M. Welter 1983 Trust (Welter) appeals from the Final
Judgment in favor of Plaintiff-Appellee Association of Owners of
Wehilani (Wehilani) entered by the Circuit Court of the Third
Circuit (circuit court) on April 8, 2009.[1]

This appeal arises out of a dispute over Welter's
failure to pay assessments imposed by Wehilani pursuant to the
Declaration of Protective Covenants, Conditions and Restrictions
for Wehilani (CCR). In motions for summary judgment and on
appeal, Welter contends that he rightfully withdrew the
properties he owned from Wehilani and therefore was not subject
to the assessments. We disagree and affirm.

On February 7, 2007, Wehilani filed a complaint against
Welter for the unpaid assessments. Wehilani alleged that Welter
owned property within the Wehilani subdivision known as Lot 2-5
and Lot 2-6 (the Property); the Property was governed by the CCR;
a lien against the Property had been created by the nonpayment;
and the Property was therefore subject to foreclosure. Wehilani
sought a judicial determination of the amounts due under the CCR
from Welter and foreclosure of the lien against the Property to
recover those amounts. Welter denied the allegations and filed a

---

[1] The Honorable Elizabeth A. Strance presided.

counterclaim alleging that Koski Enterprises, Inc. (Koski) had, under the CCR, the power to release lots from the CCR and had transferred those rights to Pua'a Development, LLC (Pua'a) with respect to the Property and Pua'a had in turn transferred that power to Welter. Welter claimed that Wehilani had committed slander, intentional infliction of emotional distress, and breach of contract. Wehilani denied the allegations of the counterclaim.

Welter and Wehilani filed motions for summary judgment. Welter argued, *inter alia*, that under the CCR, Koski had the power as the Declarant to remove Lots from the CCR and that such power could be transferred and was transferred to Pua'a who in turn transferred the power to Welter. Welter stated that on September 5, 2005, he filed an Amendment of Declaration of Protective Covenant for Wehilani to Release Lots at Wehilani (Amendment), which purports to release the Property from the Wehilani subdivision. Based upon the Amendment, Welter contended that the Property was no longer subject to assessments under the CCR.

The CCR reserved to the Declarant the power to remove Lots from the CCR[2]. The CCR defined the "Declarant" to include successors and assigns of Koski.

In the sale of the Property by Koski to Pua'a the deed described the property transferred as:

> (A) All improvements located on the property;
>
> (B) All rights the Seller has in other property because of the Seller's ownership of the property being sold (these rights are known as "easements and appurtenances");
>
> (C) All rents or royalties from the property;
>
> (D) All other rights or privileges that the Seller owns because of the Seller's ownership of the property.

---

[2] Koski had previously removed Lots 2-1, 2-2, 2-3, and 2-4 from the CCR by filing an Amendment of Declaration of Protective Covenants for Wehilani to Release Lots at Wehilani.

The deed did not expressly or impliedly transfer Koski's rights as Declarant.  The deeds for the Property also included the following representations by Puaʻa:

> 3.    That by signing and accepting this Warranty Deed, the Buyer is (i) agreeing to abide and be bound by the terms and provisions of the Declaration of Protective Covenants, Conditions and Restrictions for **WEHILANI** described in Exhibit "A", (ii) agreeing to join in, execute and deliver any dedication or grants as described in this Warranty Deed, and (iii) agreeing with the Seller and with all other "Owners" of property within the **WEHILANI** subdivision to perform, comply with, and discharge each and all of the responsibilities, duties and obligations imposed upon the Buyer by the Declaration of Protective Covenants, Conditions and Restrictions for **WEHILANI**.

The description of the Property expressly subjected the property to:

> Covenants, conditions and restrictions set forth in that certain Declaration of Protective Covenants, Conditions and Restrictions for **WEHILANI** dated March 29, 2000, and recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2000-048065.

An "owner" is defined by the CCR as follows:

> 1.9    Owner.    "Owner" means the person or persons, including Declarant:
>
> > (a)    who holds fee simple title to a Lot;
> >
> > (b)    who has contracted to purchase the fee simple title to a Lot, or a lease of a Lot for an original term of not less than thirty (30) years, under a recorded written agreement, in which case the seller under any such purchase agreement shall cease to be the Owner while said agreement is in effect; or
> >
> > (c)    a lessee of a Lot under a recorded lease from the owner of the fee simple title to said Lot for a term of not less than thirty (30) years, in which case the lessor under any such lease shall cease to be the Owner while said lease is in effect.

Thus, neither the CCR nor the deeds transferring interest in the Property to Welter transferred the power Koski held to withdraw lots from Wehilani.

The circuit court granted summary judgment in favor of Wehilani and against Welter.  Welter filed a motion for reconsideration on December 24, 2007 on the grounds that the

parties should be provided an opportunity to present evidence of the intent of Koski with respect to the right to withdraw. The circuit court denied the motion for reconsideration.

On appeal, Welter challenges the grant of summary judgment to Wehilani, arguing (a) there was an issue of material fact "related to the intent of the developer to restrict or withhold the right of withdrawal of lots from the Wehilani Subdivision from its successors and assigns," (b) that conclusion of law number 7, that Koski's right "to remove Wehilani Subdivision lots 2-5 and 2-6 terminated and was extinguished" when Koski transferred "the lot [sic] from its ownership" to Pua'a, and (c) that the circuit court was wrong in failing to resolve all doubts in "construing deeds and instruments containing restrictions and prohibitions as to the use of property conveyed." Welter also challenges the denial of his motion for reconsideration because the circuit court failed to allow the presentation of "direct evidence of the intent of the developer with respect to the" CCRs.

The circuit court's entry of summary judgment in favor of Wehilani is reviewed de novo. Tokuhisa v. Cutter Mgmt. Co., 122 Hawai'i 181, 187, 223 P.3d 246, 252 (App. 2009). A motion for summary judgment should be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 254, 172 P.3d 983, 998 (2007) (citation omitted). The interpretation of a contract is a question of law for the court to decide unless the contract is ambiguous. Found. Int'l, Inc. v. E.T. Ige Const., Inc., 102 Hawai'i 487, 497, 78 P.3d 23, 33 (2003). Whether or not a contract is ambiguous is also a question of law. Id. at 496, 78 P.3d at 32. Conclusions of law are reviewed on appeal under the right/wrong standard. Tri-S Corp. v. Western World Ins. Co., 110 Hawai'i 473, 489, 135 P.3d 82, 98 (2006).

Welter does not dispute the fact that he stopped paying assessments required by the CCR. Wehilani produced sufficient evidence to establish that the assessments were properly authorized, Welter had failed to pay the assessments, and that Wehilani was entitled to foreclose on the assessment liens against the Property. The sole issue is whether or not Welter had the power to withdraw the Property from the requirements of the CCR.

As noted above, the deed from Koski to Pua'a transfers only those rights held by Koski "because of Seller's ownership of the property." Therefore, Koski was transferring its rights as owner and not as Declarant. There is no transfer of Koski's rights as Declarant, nor is there any mention of successorship to or assignment of the rights of Koski as the Declarant to the CCR in the deed. The CCR itself states that the rights of the Declarant may be exercised by Koski or "such other person or persons whom [Koski] may, by recorded document, designate as having the powers and functions of Declarant, or some of such powers and functions." Welter presented no evidence that Koski made such a designation to himself for his predecessor-in-interest. Moreover, the deed required Pua'a to abide by the CCR "with the Seller and with all other 'Owners' of property." As a mere Owner, Welter was not entitled to withdraw the Property from the CCR. The circuit court was correct in entering summary judgment in favor of Wehilani.

The circuit court did not abuse its discretion in denying Welter's motion for reconsideration. It is well settled that the purpose of reconsideration is to allow parties to present evidence or arguments that could not have been presented during the earlier adjudicated motion. See, e.g., Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839, P.2d 10, 26-

27 (1992). Welter's arguments could have been presented earlier and, for the reasons stated above, are without merit.

Based on the foregoing, it is hereby ordered that the April 8, 2009 Final Judgement of the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 20, 2010.

On the briefs:


Francis L. Jung
for Defendant-Appellant.


Mark Van Pernis
Gary W. Vancil
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge